## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Crim. No. 05-342-03,** |
| | : | **12, 15, 17, 18, 19** |
| | : | **(RCL)** |
| | : | |
| **ARCHBOLD-MANNER et. al.,** | : | |
| **(Ranfer Rios Mercado (03); Enrique Oyola-Ropero (12),** | | |
| **Jose Alvarez-Lozano (15), German Villegas-Mejia (17),** | | |
| **Gerardo Tobon-Rojas (18), Fernando Zapata Bermudez(19)** | | |

### DEFENDANTS' MOTION FOR TIMELY DISCLOSURE
### OF IMPEACHING EVIDENCE AND JENCKS MATERIAL
### WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF

The defendants, by and through undersigned counsel, move this Honorable Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995), for an Order directing the Government to forthwith make inquiry and disclose all of the following information within its possession, custody or control, or the existence of which is known or by the exercise of due diligence could become known:

1. Any and all records and information revealing prior convictions or guilty verdicts or juvenile adjudications attributed to each witness to be called by the Government, including but not limited to "rap sheets" of federal, state, and local law enforcement departments, as well as convictions in foreign countries. *See Davis v. Alaska*, 415 U.S. 308 (1974).

2. Any and all records and information revealing prior misconduct or bad acts attributed to each witness which bear directly on the veracity of the witness in respect to this case. *See Kitchen v. United States*, 221 F.2d 832 (D.C. Cir. 1972).

3. Any and all consideration or promise of consideration given to or on behalf of each witness, or expected or hoped for by the witness, by either the United States or any other country that participated in the investigation, including but not limited to Columbia,

Jamaica, and Mexico. By "consideration," the defendant refers to anything whatsoever, whether bargained for or not, which could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect, lenience, favorable treatment or recommendations of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative, or other dispute with plaintiff or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeitures, payments or money, rewards or fees, witness fees and special witness fees; provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," informer status of the witness, and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the Government or against the defendant or which could act as an inducement to testify or to color testimony. *Giglio v. United States*, 405 U.S. 150 (1972). *See United States v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (prosecutor's failure to disclose dismissal of Superior Court charges against witness was material and should have been disclosed under *Brady*, requiring reversal of conviction.)

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against each witness; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution, or custodial status of the witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with any government (federal, state or local), or over which the prosecution has real, apparent, or perceived influence. *Id.; See Alford v. United States*, 282 U.S. 687 (1931).

5. Any and all records and information revealing drug or alcohol abuse by each witness, and whether each witness was using narcotics or alcohol at or about the time he observed the defendant commit the alleged offenses. *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972); *See United States v. Kearney*, 420 F.2d 542 (D.C. Cir. 1969).

6.  The existence and identification of each occasion on which each witness has testified before any court, grand jury, or other tribunal body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case.

7.  Any and all prior inconsistent or false statements made by any witness the Government intends to call either in its case-in-chief or in rebuttal. *See United States v. Coffie*, 80 F.3d 514, (D.C. Cir. 1996) (prosecutor's failure to reveal that witness had previously lied under oath was material under *Brady*, requiring reversal of conviction.) *See also Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993) "Evidence that a witness has made false statements in a tax return is obviously a matter which affects the witness' credibility.")

8.  Any and all investigation files compiled on each witness; the existence and identity of all foreign, federal, state and local government files for the witness; and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

9.  Any and all other records and/or information which could be helpful to the defense in impeaching the Government's witnesses or which could possibly lead to records or information of an impeaching nature.

10.  The defendant also requests disclosure of Jencks Act, 18 U.S.C. §3500 material in advance of trial.    Such a procedure would avoid potential *Brady* questions, and facilitate trial without the requisite recesses necessary for all defense counsel to examine *Jencks* material after testimony by each witness and is especially critical in a complex conspiracy case involving documents in other languages.

12.  The same records and information requested in items 1 through 10 above with respect to each non-witness declarant whose statements the prosecution intends to offer in evidence through the testimony of other witnesses.

The defendant emphasizes the need for the timely disclosure of all impeaching

evidence. Here, due to the fact that most witnesses will be from other countries, as will the impeaching evidence against them, the defense will need an extended period of time to investigate any such information. Absent timely pretrial disclosure, the defense will be denied the opportunity to effectively use such material in the preparation and presentation of its case, *United States v. Pollack*, 534 F.2d 964, 973-974 (D.C. Cir. 1976); *See United States v. Starusko*, 729 F.2d 256 (3d Cir. 1984).

      **WHEREFORE**, the defendant respectfully requests that his motion be granted, and that the Government be ordered to provide all impeaching evidence and *Jencks* material to defense counsel within the next thirty days.

Respectfully submitted,

_____

Mitchell M. Seltzer
Bar #261933
Counsel for Mr. Zapata-Bermudez
717 D Street, NW, #310
Washington, D.C. 20004
(202) 347-2333

_____

Cynthia Katkish
D.C. Bar #418876
Counsel for G. Villegas-Mejia
601 Pennsylvania Ave, NW, #900 S.
Washington, DC 20004

_____

Howard B. Katzoff
D.C. Bar # 348292
Counsel for G. Tobon-Rojas
717 D Street, NW, #310
Washington, DC 20004

_____
Diane Lepley
D.C. Bar # 368927
Counsel for R. Rios-Mercado
400 7th Street, NW, #400
Washington, DC 20004


_____
Ronald Earnest
D.C. Bar # 477305
Counsel for E. Oyola-Ropero


_____
Heather Shaner
D.C. Bar # 273276
Counsel for H. Alvarez Lozano
1702 S Street, NW
Washington, DC 20009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically transmission upon DOJ Trial Attorney Patrick Hearn and served upon each codefendant's counsel of record, this___21st____ day of July 2008.


_____