UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CR. NO. 05-342 (RMC) |
| ) | |
| ALVARO SERRANO ARCHBOLD- ) | |
| MANNER, et. al., ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO ORDER MANDATED MISSING DISCOVERY

### INTRODUCTION

One July 21, 2008, the defendants filed Defendants' Joint Motion to Order Mandated Missing Discovery, ECF Document 187, in which they requested approximately 80 items from the Government, most of which are not in the custody of the United States, but rather, are located in Colombia. Although the United States does not concede that it is required to do so under Rule 16 of the Federal Rules of Criminal Procedure or under the relevant Brady, Giglio and Jencks Act case law, the government is making every effort to provide the items requested which are not in the possession of the United States.[1]

### ARGUMENT REGARDING EVIDENCE NOT IN THE POSSESSION OF THE UNITED STATES

Most of the records sought by the defendant are not in the custody or control of the United States government, and the defendant cites no legal authority for the

---

[1] At the end of this response, the government will address the defendants' requests for items in its possession, primarily related to the seizure by the U.S. Coast Guard of the Dan Viking vessel.

proposition that the Court can compel the United States to submit a judicial assistance request on behalf of a criminal defendant. Just as a defendant cannot require the United States to "ensure [his] access to witnesses outside the jurisdiction of the United States," see United States v. Sensi, 879 F.2d 888, 898 (D.C. Cir. 1989), he cannot require the United States to submit a judicial assistance request to a foreign government on his behalf. The United States cannot be compelled to gather evidence for the defendant from third parties, see, e.g., United States v. Steurer, 942 F. Supp. 1183, 1189-90 (N.D. Ill. 1996) (denying defendant's motion to compel production of Brady material that was in the possession of third parties), be they private entities or sovereign nations. Even if the Court had such authority, it stands to reason that the defendant would first have to make independent efforts to obtain the foreign evidence, show that his reasonable efforts were unsuccessful, and then petition the United States to seek the evidence for him.

Indeed, other courts have rebuffed related claims, on the ground that the defendant did not demonstrate that he had made an independent effort to obtain the foreign evidence. See, e.g., United States v. Yousef, 327 F.3d 56, 112-13 (2d Cir. 2003) ("The defendants focus the bulk of their due process complaints on the United States Government's alleged failure to help them obtain cooperation from Philippine authorities, which they allege significantly hindered their defenses . . . . [The defendant] cannot now be heard to complain about his inability to obtain [a videotape] when he did not use the tools at his disposal to seek the tape"); Sensi, 879 F.2d at 899 (affirming the lower court's rejection of a motion for a new trial based on the Sixth Amendment where defendant failed to "use all the means at his disposal to obtain the needed testimony").

The Government has no objection to the defendants seeking the documents and reports requested in their motion on their own, by means of a Letter Rogatory issued at the discretion of this Court. See United States v. Sensi, 879 F.2d 888, 899 (D.C. Cir. 1989).

**STEPS TAKEN TO ACCOMMODATE DEFENDANTS' REQUEST FOR ITEMS NOT IN THE POSSESSION OF THE UNITED STATES**

On June 18, 2008, the Government contacted the Chief Prosecutor of the Colombian National Anti-Narcotic and Maritime Interdiction Unit in Bogota, Colombia, and requested all Colombian case files responsive to the defendants' request. On June 19, 2008, the Chief Prosecutor traveled to Cartagena Colombia and met with both DEA and members of the Colombian National Police to determine where the requested items were located. It was determined that the requested items, if they exist, could be found with the Colombian Navy, the Colombian Administrative Security Department (DAS), the local Prosecutor's Office in Riohacha, La Guajira, Colombia, and the Circuit Court of Riohacha, La Guajira, Colombia.

Pursuant to those meetings, on August 20, 2008 Judicial Police Officers traveled six hours by car to Riohacha, La Guajira, Colombia, where they copied the following: 423 pages from case number 30-634 in the Circuit Court of Riohacha, La Guajira, Colombia; 264 pages from case number 32-097 in the Circuit Court of Riohacha, La Guajira, Colombia; and 218 pages from case number 32-471 in the local prosecutor's office in Riohacha, La Guajira, Colombia. They also met with members of the Colombian Navy and the Colombian Administrative Security Department (DAS) to seek additional requested documents. Finally, on August 21, 2008, documents were copied from case numbers 71-314, 60-204, and 74-552 in Bogota, Colombia, in an attempt to

accommodate the defendants' request. The government expects to receive all of these documents via FEDEX next week, and will provide them to the defendants as soon as possible.

Regarding defendants' request for items 1-22 "Seizures on the Water" (Motion 3-5) the government states the following. On August 22, 2008, co-counsel James A. Faulkner spoke by phone with a local prosecutor and a court clerk in Riohacha, La Guajira, Colombia, both of whom advised that they believed all of the items requested relating to the July 22, 2005 seizure at sea of over 1,500 kilos of cocaine (items 1-22), *if they exist*, are included in the 423 pages being sent under case number 30-634. Colombian lab reports regarding the testing of the narcotics will be contained in this packet, and the government will provide, by September 8, 2008, the phone numbers of the chemists so that they can be contacted to verify the veracity of the tests. Any drugs brought from Colombia and actually admitted at trial will of course be subject to prior inspection by defense counsel.

The Government has already turned over a police report and photographs related to the seizure of the "Guayacan" vessel, in which no drugs were seized. The Colombian National Police are still in the process of seeking items 1-22 relating to the January 22, 2006 seizure of the vessel "Guayacan" by the Colombian Navy and DAS. Because no drugs were found on the Guayacan, these items were not the subject of a criminal prosecution in Colombia, and hence, have proven more difficult to locate.

Regarding defendants' request for items 1-17 "Seizures on Land" (Motion pages 6-8), the local prosecutor and court clerk mentioned above stated to co-counsel Faulkner that most of the items requested, *if they exist*, would be contained in the 264 pages being

provided under case number 32-097, and in the 218 pages being provided under case number 32-471. Colombian lab reports regarding the testing of the narcotics will be contained in these packets, and the government will provide, by September 8, 2008, the phone numbers of the chemists so that they can be contacted to verify the veracity of the tests.

Regarding items 1-7 related to the Colombian wiretap (Motion at 8-9), all calls and transcripts in Spanish, to the best of the government's knowledge, have been provided. On August 21, 2008, the Colombian government made photocopies of the judicial orders regarding said wiretaps, as contained in case numbers 71-314, 60-204, and 74-552, and the government hopes to receive them by sometime next week. The government will establish through witness testimony the legality of the foreign wiretap. The government has requested subscriber information from the Colombian government, and will provide to the defendants anything that it receives in response to such request. The defendants' voices will be identified by witnesses familiar with each defendants' voice.

## EVIDENCE IN POSSESSION OF THE UNITED STATES

Regarding defendants' request for items 1-22 related to the Coast Guard seizure of the Dan Viking (Motion at 3-5), items 1-11 and 16 have already been provided. The photos related to item 12 are from items seized on the Dan Viking. Items 13-15 will be provided by September 8. Items 17-22 are not applicable. Regarding Count 6 items a-w (Motion at 5-6), to the extent that such items exist, the government will provide defense counsel with copies and/or an opportunity to inspect said items on or before September 8, 2008.

Extradition documents will be provided by September 8, as well as information regarding the date of each defendants' arrest. The government believes that the defendants were arrested exclusively on the government's request for extradition, and is not aware of any companion prosecutions in Colombia of these defendants. Routine investigative procedures were used to identify each defendant prior to his arrest. Defense counsel will have an opportunity to cross-examine Colombian and U.S. government agents regarding same at trial. The government will provide the criminal record of any defendant who testifies for the government at trial. Finally, the government will provide resumes of all chemists, and will allow the defense the opportunity to interview the Colombian chemists by phone. The government will provide the defendants any photos it can obtain of the drugs or packaging located in Colombia, and to the extent possible, will allow defense counsel the opportunity to inspect any relevant cocaine located in the United States prior to its admission at trial.

## CONCLUSION

Wherefore, the government respectfully requests, for the reasons set forth above, that this Court deny defendants motions.

Respectfully submitted,

Wayne Raabe, Acting Chief
Narcotics and Dangerous Drug Section

_____/s/_____
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 305-7606

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 22, 2008, the Government's Response to Defendants' Motion was sent via ECF counsel for the defendants.

/s/
Patrick H. Hearn
Trial Attorney
U.S. Department of Justice
Narcotic and Dangerous Drug Section

7